## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**JAMES KAREEM DAY,**                         *

      **Plaintiff,**                         *

**v.**                                        *      **Civ. No. DLB-24-1766**

**SGT. KAFRITSAS,** *et al.,*                 *

      **Defendants.**                       *

### MEMORANDUM OPINION

Self-represented plaintiff James Kareem Day filed this civil rights action pursuant to 42 U.S.C. § 1983 against Sgt. Miltiadis Kafritsas, Warden Frederick Abello, and Montgomery County Executive Marc Elrich. Day alleges that, while he was incarcerated at the Montgomery County Correctional Facility ("MCCF"), he was denied the right to freely exercise his religion. He seeks compensatory damages.

After the defendants filed a motion to dismiss his complaint, Day timely filed an amended complaint as a matter of right, which is accepted as filed. *See* Fed. R. Civ. P. 15(a)(1)(B); ECF 19 (granting Day until December 17, 2024, to file his proposed amended complaint).[1] Thus, the defendants' motion to dismiss the complaint for failure to state a claim, ECF 13, is moot. Day's motion to amend the complaint, ECF 17, also is moot. Nonetheless, Day's amended complaint,

---

[1] In the amended complaint, ECF 23, Day adds MCCF as a defendant and provides additional facts about the layout of his housing pod. The Clerk shall add MCCF as a defendant on the docket.

ECF 23, is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2025).

## I.    Day's Allegations

Day is Muslim. Day alleges that, on April 23, 2024, he was leading a prayer with several other Muslim detainees during recreation when Kafritsas, the correctional officer on duty, told him to stop. ECF 23, at 3. Day states that he had led such prayer meetings for approximately a year. *Id.* Day asserts that knowledgeable Muslims are "obligated" to lead prayers so new converts can observe and learn them. *Id.* at 4.

Day alleges that the terminated prayer meeting occurred in Housing Pod West 2-2, which has a capacity of 64 inmates who are participating in the "Choice for Change" program. *Id.* at 1. The inmates are screened and selected to participate in the program by custodial staff. *Id.* Inmates are permitted to congregate for 5–10 hours per day for programs, inmate-led exercise, card games, and television in the communal area. *Id.* at 1–2. The pod has at least two camera feeds and is supervised by correctional staff at all times and by a unit manager during the week. *Id.* at 2.

On April 24, 2024, Day filed a grievance asserting that Kafritsas had "interfered with [his] right to praise and worship according to [his] belief." *Id.* at 3; ECF 6-1, at 1.[2] In his grievance, Day asserted that there is no policy in the inmate handbook banning a detainee from practicing and performing prayers in the day room. ECF 6-1, at 1. On April 28, 2024, Day contacted Elrich, a

---

[2] In a supplement to his initial complaint, Day provided his inmate grievance form and the Warden's response. ECF 6-1. Pursuant to Local Rule 103.6(b), exhibits attached to an initial complaint remain part of the amended complaint. The Court thus may consider these exhibits. *See* Fed. R. Civ. P. 10(c); *see, e.g.*, *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

Montgomery County Executive, about the restriction of religious practices at MCCF, but Day had not received a response as of June 16, 2024. ECF 23, at 4.

On May 24, 2024, in response to Day's grievance, the Warden advised Day that Kafritsas did not violate official policy when he disbanded the prayer group because prayer must be conducted in an inmate's cell. *Id.* at 3–4. The Warden found no evidence that Kafritsas acted inappropriately when he limited the "group congregation." ECF 6-1, at 2. The Warden explained that the facility recognized the importance of religious practices, but "due to security concerns, [it] must implement certain limitations on congregating in religious group settings." *Id.* The Warden reiterated that the institution's primary responsibility was to ensure the safety and security of everyone within the facility and that, "[a]fter thorough assessments, it has been determined that group congregations, regardless of their purpose or religious sect, pose a significant security risk at this time." *Id.* Day was encouraged to continue his religious practices within his cell and reminded that religious materials remained available, the chaplains would continue to offer guidance and counseling, Day could request a chaplain visit through the standard process, and the facility offered group religious services supervised and coordinated by approved religious leaders on a rotating scheduled basis. *Id.*

Day asserts that because Kufis—religious garb—may be worn outside the cells, the facility's reason for banning communal prayer outside the cells "appears to be the image of Islamic devotion on remote camera feeds." ECF 23, at 4. Day also asserts that the Warden admitted there

3

was no official policy about praying inside the pod and that "they are working to update the Inmate Guide Book to abolish congregation prayers." *Id.*

## II.    Standard of Review

To state a claim, the plaintiff must plead facts demonstrating they have a plausible right to relief from the Court.[3] *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the plaintiff need not show "that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer Ministries, Inc. v. Balt. Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When determining whether a complaint states a claim, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v.*

---

[3] Even though the pending motion to dismiss has been mooted by the filing of the amended complaint, the Court has an obligation to review the sufficiency of the allegations because Day has not prepaid the filing fee. To guard against possible abuses of indigent litigants' privilege of proceeding without prepaying the filing fee, the Court must, under those circumstances, dismiss any complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(a)(1), (e)(2)(B), 1915A(b).

*Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

## III. Discussion

Day claims the defendants violated his First Amendment right to free exercise, and he seeks damages for the constitutional violation under 42 U.S.C. § 1983. Under Section 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*,

510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

Day's § 1983 claims against MCCF cannot proceed because MCCF is a building and inanimate objects such as buildings are not persons who act under color of state law and are not subject to suit under § 1983. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688–89 & n.55 (1978) (noting that under § 1983 a "person" includes individuals and "bodies politic and corporate"); *Smith v. Montgomery Cnty. Corr. Facility*, Civ. No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that MCCF "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *see generally* Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1230 (4th ed.) (June 2024). The complaint must be dismissed as to MCCF.

The complaint also must be dismissed as to the individual defendants. The First Amendment's Free Exercise Clause "protects against laws that discriminate against or among religious beliefs or that restrict certain practices because of their religious conduct." *Alive Church of the Nazarene, Inc. v. Prince William Cnty.*, 59 F.4th 92, 108 (4th Cir. 2023). To violate the Free Exercise Clause, a law, regulation, or government policy must "burden . . . religious exercise." *Fulton v. City of Philadelphia*, ___ U.S. ___, 141 S. Ct. 1868, 1876 (2021).

The First Amendment right to free exercise of religion extends to individuals who are incarcerated. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). But an incarcerated person's First Amendment rights are limited to those "that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Heyer v. U.S. Bureau of Prisons*, 984 F.3d 347, 355 (4th Cir. 2021) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). To state a claim for a violation of the Free Exercise Clause, an inmate must allege: (1) a sincere

religious belief; and (2) a prison practice or policy that "substantially burdens" the inmate's ability to practice their religion. *Wilcox v. Brown*, 877 F.3d 161, 168 (4th Cir. 2017). "A practice or policy places a substantial burden on a person's religious exercise when it 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Hammock v. Watts*, 146 F.4th 349, 365 (4th Cir. 2025) (quoting *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018)). If the inmate can establish a sincere religious belief and a policy that substantially burdens the inmate's ability to practice their religion, the burden shifts to the prison to "offer[ ] penological interests that justify its infringement on free exercise rights." *Id.*[4]

Day alleges that he is a knowledgeable Muslim and that Islam obligates knowledgeable Muslims to lead prayers for newly converted Muslims. Thus, Day has alleged a sincere religious belief. But Day has not alleged a prison policy or practice that substantially burdens his ability to exercise his religion. True, Day alleges Kafritsas ordered him to stop leading group prayers for new Muslim converts in the pod and the Warden upheld that decision. But as the Warden informed Day, MCCF "offers group religious services of varying denominations on a rotating and scheduled basis that is supervised and coordinated through an approved religious leader." ECF 6-1, at 2. From the Warden's statements, which Day has incorporated into his amended complaint, the Court can

---

[4] In the memorandum in support of their motion to dismiss, the defendants rely on *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990). *See* ECF 13-1, at 6. They argue that the prison policy banning unsupervised gatherings of inmates—including group prayer—complies with *Smith* because the policy is neutral and generally applicable. *Id.* But, under Fourth Circuit precedent, *Smith* does not appear to apply in the prison context. *See, e.g.*, *Hammock*, 146 F.4th at 365 (outlining prisoner free exercise claim analysis). The defendants also rely on *Turner v. Safley*, 482 U.S. 78 (1987). *See* ECF 13-1, at 7. However, an incarcerated plaintiff need not plead the *Turner* factors at the motion-to-dismiss stage. *See, e.g.*, *Wilcox*, 877 F.3d at 169 (holding it would "plainly be premature" to conclude at the motion-to-dismiss stage that the *Turner* factors show prison policy is reasonably related to a legitimate penological objective); *Williams v. Wilkinson*, 645 F. App'x 692, 700 (10th Cir. 2016) ("[A]t the motion-to-dismiss stage, the prisoner need allege nothing more than a substantial burden on the exercise of a sincerely-held religious belief.").

plausibly infer that Day may lead prayers for newly converted Muslims during this sanctioned communal prayer time. Thus, the prison has afforded Day a "reasonable opportunit[y] . . . to exercise [his] religious freedom." *Cruz*, 405 U.S. at 322 n.2. Day has not alleged that the prison has denied him the right to engage in worship in general or denied him the specific right to lead new Muslims in prayers. Because Day has not alleged that an MCCF policy "put[s] substantial pressure on [him] to modify his behavior and to violate his beliefs," *Hammock*, 146 F.4th at 365, Day has failed to state a First Amendment violation. His complaint against the Warden, Kafritsas, and Elrich is dismissed without prejudice.[5]

In an effort "to reduce the number of frivolous lawsuits flooding the federal courts," Congress "enact[ed] 28 U.S.C. § 1915(g), a 'three-strikes' statute." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013) (en banc). It provides that, once a prisoner has "had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed in forma pauperis but rather must pay up-front all filing fees for his subsequent suits." *Id.* Thus, each dismissal of a complaint in its entirety as frivolous or malicious or for failure to state a claim qualifies as a "strike" under § 1915(g). *See id.* To result in a "strike," dismissal on § 1915(g) grounds need not be with prejudice. *See Lomax v. Ortiz-Marquez*, ___ U.S. ___, 140 S. Ct. 1721, 1724 (2020).

The dismissal of Day's complaint for failure to state a claim qualifies as a strike under § 1915(g). *See id.*; *Blakely*, 738 F.3d at 609; 28 U.S.C. § 1915(g). Day is reminded that he will not be granted permission to proceed *in forma pauperis* if he has "on 3 or more prior occasions, while

---

[5] Day's complaint against Elrich fails for the additional reason that Day has not alleged that Elrich personally participated in the alleged constitutional violation. *See, e.g.*, *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (defendant's own action or failure to act is required for § 1983 liability).

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

IV.    **Conclusion**

Day's amended complaint, ECF 23, is accepted as filed. The defendants' motion to dismiss, ECF 13; Day's motion to strike statements made by the defendants in their motion, ECF 16; and Day's motion to amend the complaint, ECF 17, are denied as moot. The amended complaint is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. A separate Order follows.

September 5, 2025
Date

Deborah L. Boardman
United States District Judge